IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal Case No. 21-cr-00284-LKG |
| ) | |
| CONRAD DARWIN D'HAITI, *et al.*, ) | Dated: March 20, 2025 |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT OWEN'S MOTION TO SUPRESS**

**I.    INTRODUCTION**

Pending before the Court is Defendant Michael Owen's motion to suppress electronic evidence. ECF No. 93. This motion is fully briefed. ECF Nos. 93, 95, 106, 116, 198, 205, 215, 218 and 224. The Court held hearings on the motion on September 7, 2022, April 19, 2024, and March 20, 2025. ECF Nos. 117, 209 and 241. For the reasons that follow, and stated during the hearings, the Court: (1) **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant Michael Owen's motion to suppress electronic evidence (ECF No. 93) and (2) **SUPPRESSES** all evidence seized from Defendant Owen's electronic iCloud records that pre-dates January 1, 2020.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**A. Factual Background**

On January 28, 2020, the Prince George's County Police Department ("PGPD") seized Defendant Owen's iPhone while effectuating his arrest in connection with a police-involved shooting. ECF No. 93 at 2; ECF No. 205 at 2. On February 7, 2020, the PGPD obtained a state search warrant that authorized a search of Defendant Owen's iPhone for evidence "related to the fatal shooting of William Howard Green," without a temporal limitation. ECF No. 205 at 2.

On February 5, 2020, the PGPD Internal Affairs Division learned of allegations that Defendant Owen had committed a separate crime stemming from alleged false insurance claims and false police reports. *Id.* And so, on February 19, 2020, the PGPD obtained a second search warrant that authorized a search of Defendant Owen's iCloud account, which is associated with his Apple iPhone, for evidence of insurance fraud (the "February 19, 2020, State Warrant").

ECF No. 205 at 2 and 3; ECF No. 95 at 33-45. The February 19, 2020, State Warrant describes the place to be searched as follows:

> Any and all iCloud account data linked to or associated with Apple ID/email address . . . [a]n account used by Michael A. Owen, Jr., a black male having a date of birth of June 14, 1988.

ECF No. 95 at 34. The February 19, 2020, State Warrant also describes the items to be seized as follows:

> Certified copies of any and all records, all data, all information for any and all iCloud/Apple accounts linked to the Apple ID/Email address: . . . for the month of January 2020 . . . .

*Id.* at 37.

Despite the temporal limitation in the February 19, 2020, State Warrant, Apple provided the full contents of Defendant Owen's iCloud account to the PGPD on March 2, 2020. ECF No. 205 at 3. And so, the search warrant return for this warrant includes cell phone records dating back to January 2019. *Id.*

Upon its receipt of this information, the PGPD extracted the unitary file provided by Apple and converted this data into a forensic Cellebrite report. *Id.* Detective Brian Medina of PGPD Internal Affairs then reviewed the Cellebrite report and provided the results of his review in a series of emails to the Federal Bureau of Investigation ("FBI") on April 28, 2020. *Id.* The emails that Detective Medina sent to the FBI show that he identified relevant text messages which were made by, or sent to, Defendant Owen, on or after January 1, 2020. *Id.* But Detective Medina also produced the full text message threads, which include text messages that pre-date January 2020. *Id.*; ECF No. 215 at 5 and 6. The Government intends to introduce certain evidence obtained *via* the February 19, 2020, State Warrant during the trial scheduled in this matter. ECF No. 205 at 5.

On April 28, 2020, the FBI obtained two federal search warrants related to its insurance fraud investigation, which authorized a search of Defendant Owen's iPhone and iCloud account. ECF No. 205 at 3; ECF No. 95 at 1-26. These federal search warrants authorized the FBI to obtain records from Apple "for the time period of November 1, 2019, to February 2, 2020." ECF No. 205 at 3; ECF No. 95 at 20.

Apple again produced a unitary file containing the entire contents of Defendant Owen's iCloud account. ECF No. 205 at 4. Upon its receipt of this information, the FBI Computer

2

Analysis and Response Team processed the unitary file and provided the information to the FBI investigative team in Cellebrite files and related extraction reports. *Id.*

The Government has since produced the Cellebrite files to all Defense Counsel in this matter as part of its Rule 16 and *Brady* discovery materials. ECF No. 198 at 4 and 5; ECF No. 205 at 4 and 5. The Government has also retained the Cellebrite files and Apple's iCloud production. ECF No. 198 at 5; ECF No. 205 at 4 and 5; ECF No. 237 at 57:5-22. And so, Defendant Owen seeks to suppress this evidence and preclude the Government from admitting this electronic evidence during the trial of this matter. ECF No. 215 at 8 and 9.

### B. Relevant Procedural History

On June 8, 2022, Defendant Michael Owen filed a motion to suppress the electronic evidence. ECF No. 93. On August 11, 2022, the Government filed a consolidated response in opposition to the Defendants' pre-trial motions, including Defendant Owen's motion to suppress. ECF No. 106.

Defendant Owen filed a reply in support of his motion to suppress on September 1, 2022. ECF No. 116. On September 7, 2022, the Court held a hearing on the Defendants' pre-trial motions, during which the Court deferred ruling on Defendant Owen's motion to suppress. ECF Nos. 117 and 129.

On March 19, 2024, Defendant Owen submitted a supplemental brief in support of his motion to suppress.[1] ECF No. 198. On March 22, 2024, the Government filed a supplemental response in opposition to Defendant Owen's motion to suppress. ECF No. 205.

The Court held a hearing on Defendant Owen's motion to suppress on April 19, 2024. ECF No. 209. On May 17, 2024, Defendant Owen filed a supplemental brief in support of his motion to suppress. ECF No. 215. On September 9, 2024, the Government filed a supplemental response in opposition to Defendant Owen's motion to suppress. ECF No. 224. On March 20, 2025, the Court held a hearing on Defendant Owen's motion to suppress. ECF No. 241.

Defendant Owen's motion to suppress having been fully briefed, the Court resolves the pending motion.

---

[1] On March 21 and 22 of 2024, Defendants Davion Percy and Jaron E. Taylor filed motions to join Defendant Owen's motion to suppress and memorandums in support thereof. ECF Nos. 200, 201 and 204. Because these Defendants do not have standing to join this motion and their motions are also not timely, the Court DENIES these motions.

3

### III. STANDARDS OF DECISION

#### A. The Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. In this regard, the Fourth Amendment "protects against general warrants . . . 'by requiring a particular description of the things to be seized.'" *United States v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010) (quoting *Andresen v. Maryland*, 427 U.S. 463, 480-82 (1976)).

Relevant to the pending motion to suppress, the United States Court of Appeals for the Fourth Circuit has long held that a defendant's rights under the Fourth Amendment are violated when law enforcement exceeds the scope of a search warrant. *See id.* at 519. But, "[a]s a general rule if officers executing a search warrant exceed the scope of the warrant, only the improperly-seized evidence will be suppressed; the properly-seized evidence remains admissible." *United States v. Squillacote*, 221 F.3d 542, 556 (4th Cir. 2000) (citing *United States v. Jones*, 31 F.3d 1304, 1314 (4th Cir. 1994)); *see also Horton v. California*, 496 U.S. 128, 140 (1990). However, in "extreme circumstances[,] even properly seized evidence may be excluded when the officers executing the warrant exhibit a flagrant disregard for its terms." *Squillacote*, 221 F.3d at 556 (quoting *United States v. Ruhe*, 191 F.3d 376, 383 (4th Cir. 1999)).

### IV. ANALYSIS

Defendant Owen has moved to suppress the electronic evidence obtained by the Government *via* the February 19, 2020, State Warrant upon the grounds that the return for this search warrant exceeds the temporal scope of the February 19, 2020, State Warrant in violation the Fourth Amendment. *See generally* ECF Nos. 93, 116, 198 and 215. And so, Defendant Owen requests that the Court suppress all electronic evidence obtained by the Government *via* the February 19, 2020, State Warrant, because the PGPD acted in flagrant disregard of the temporal limitation for the February 19, 2020, State Warrant. ECF No. 215 at 8 and 9.

The Government concedes that the Court should suppress all electronic evidence obtained *via* this warrant that exceeds the temporal scope of the February 19, 2020, State Warrant. ECF No. 205 at 3 and 6 and 7; ECF No. 224 at 2 and 3. But the Government argues that the blanket suppression of all evidence obtained from Defendant Owen's cellphone and

4

iCloud account is not warranted, because the Government did not flagrantly disregard the temporal limitation set forth in the February 19, 2020, State Warrant and appropriately used certain information that fell beyond that limitation to provide context during its investigation of this matter. ECF No. 205 at 3 and 6 and 7; ECF No. 224 at 2 and 3.

The Government also argues that its retention of information that exceeds the scope of the February 19, 2020, State Warrant is also not unconstitutional, because doing so was necessary to establish the authenticity of its trial exhibits in this matter and the Government has produced this information to Defense Counsel as part of its Rule 16 and *Brady* discovery material. ECF No. 224 at 3. And so, the Government requests that the Court deny Defendant Owen's motion to suppress. ECF No. 205 at 8; ECF No. 224 at 4.

For the reasons that follow, the evidence before the Court shows that the PGPD obtained cellphone and other electronic information that exceeded the temporal scope of the February 19, 2020, State Warrant. But the evidence before the Court also shows that the PGPD and the Government has only used post-January 1, 2020, data to support its prosecution of this case and that the Government retained the Cellebrite reports to establish the authenticity of its trial exhibits. Given this, the Court is satisfied that the Government did not flagrantly disregard the temporal scope of the February 19, 2020, State Warrant. And so, the Court: (1) GRANTS-IN-PART and DENIES-IN-PART Defendant Owen's motion to suppress and (2) SUPPRESSES all evidence seized from Defendant Owen's electronic iCloud records that pre-dates January 1, 2020.

**A. The Court Will Suppress Electronic Evidence That Pre-Dates January 1, 2020**

As an initial matter, the evidence before the Court shows that the Government violated Defendant Owen's Fourth Amendment rights by obtaining and keeping certain electronic records associated with his iPhone and iCloud account that exceeded the temporal scope of the February 19, 2020, State Warrant. In this regard, it is undisputed that the February 19, 2020, State Warrant authorized a search of Defendant Owen's iCloud account "for the month of January 2020," and that Apple provided the PGPD with the full contents of Defendant Owen's iCloud, including records dating back to January 2019. ECF No. 205 at 3. It is also undisputed that the PGPD retained information that exceeded the temporal scope of the February 19, 2020, State Warrant and that the PGPD also provided this information to the FBI in connection with the FBI's insurance fraud investigation. ECF No. 205 at 3-6; ECF No. 237 at 57:5-22. And so, to

the extent that the information produced and searched by the Government *via* the February 19, 2020, State Warrant exceeded the temporal scope of that search warrant, this search violates the Fourth Amendment. *See United States v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010).

The evidence before the Court does not show, however, that the PGPD and the FBI flagrantly disregard the temporal scope of the February 19, 2020, State Warrant, to justify the suppression of all evidence obtained *via* this warrant. "As a general rule if officers executing a search warrant exceed the scope of the warrant, only the improperly-seized evidence will be suppressed; the properly-seized evidence remains admissible." *United States v. Squillacote*, 221 F.3d 542, 556 (4th Cir. 2000) (citing *United States v. Jones*, 31 F.3d 1304, 1314 (4th Cir. 1994)); *see also Horton v. California*, 496 U.S. 128, 140 (1990). But, in "extreme circumstances[,] even properly seized evidence may be excluded when the officers executing the warrant exhibit a flagrant disregard for its terms." *Squillacote*, 221 F.3d at 556 (quoting *United States v. Ruhe*, 191 F.3d 376, 383 (4th Cir. 1999)).

Here, the evidence shows that the digital evidence that Apple produced to the PGPD contained a vast quantity of intermingled data. The evidence also shows that "tens of thousands" of records were produced by Apple in response to the February 19, 2020, State Warrant. ECF No. 215 at 4. In addition, Detective Medina testified during the April 19, 2024, suppression hearing that, although he had access to the entire text message threads, "[t]here wasn't any need for [him] to go past January 1st of 2020." ECF No. 237 at 59:6-25. The evidence also shows that once Detective Medina provided the results of his review to the FBI and produced the full text message threads to the FBI agents, he has not searched through the Cellebrite report since. ECF No. 237 at 57:15-19. And so, this evidence does not show that the PGPD flagrantly disregarded the temporal scope of the February 19, 2020, State Warrant.

The evidence also shows that the FBI used iCloud data that pre-dated January 1, 2020, to provide context during its investigation of this matter. Notably, the Government has represented to the Court that its proposed trial exhibits will involve only those text messages from Defendant Owen's iCloud account that are dated on or after January 1, 2020, and, thus, fall within the temporal scope of the February 19, 2020, State Warrant. ECF No. 205 at 5. Given this, there is no evidence before the Court to show that this case presents "extreme circumstances" warranting the blanket suppression of the iCloud records that were properly seized by the Government. *See Squillacote*, 221 F.3d at 556.

As a final matter, the Court is also satisfied that the Government's retention of the Cellebrite data associated with Defendant Owen's iPhone and iCloud account does not warrant the suppression of all evidence obtained *via* the February 19, 2020, State Warrant. The evidence shows that it is common practice for the PGPD and the Government to convert cellphone data evidence into Cellebrite reports, which are purposefully non-editable, to preserve the authenticity of exhibits taken from those reports. *See* ECF No. 205 at 3-4 and 7. The evidence also makes clear that the Government's preservation of the Cellebrite reports in connection with this matter will not prejudice the Defendants, because the Government has produced this information to Defense Counsel as part of its Rule 16 and *Brady* discovery material.

In sum, the evidence before the Court shows that the PGPD and the FBI improperly obtained and retained certain electronic evidence from Defendant Owen's iPhone and iCloud account that exceeds the temporal scope of the February 19, 2020, State Warrant. But the evidence also shows that that the Government did not flagrantly disregard the temporal scope of this warrant in connection with its investigation of this matter. And so, the Court will suppress the electronic evidence seized from Defendant Owen's iPhone and iCloud Data account *via* the February 19, 2020, State Warrant that pre-dates January 1, 2020.

## V.    CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant Owen's motion to suppress electronic evidence (ECF No. 93); and
2. **SUPPRESSES** all evidence seized from Defendant Owen's electronic iCloud records that pre-dates January 1, 2020.

**IT IS SO ORDERED.**

                                              s/ Lydia Kay Griggsby
                                              LYDIA KAY GRIGGSBY
                                              United States District Judge